# UNITED STATES DISTRICT COURT WESTERN DISTRICT OF WASHINGTON AT TACOMA

UNITED STATES OF AMERICA,

                    Plaintiff,

        v.

PHILLIP DAEKWON MILES,

                    Defendant.

Case No.  MJ18-5151

Western District of Virginia Case No.   4:18CR00011-005-MFU

DETENTION ORDER

        THE COURT, having conducted a detention hearing pursuant to 18 U.S.C. Sect. 3142, and CrR 5 (c)(3)(D) and finds that no condition or combination of conditions which defendant can meet will reasonably assure the appearance of the defendant as required and/or the safety of any other person and the community. The Indictment is pending in the Western District of Virginia. Dkt. 1.

        The Court considered Mr. Miles' arguments that he has family in Washington State and also has a place to live. The Court considered Mr. Miles' arguments that his criminal history does not reflect repeated behavior that would suggest a danger to the community.

        The government states in the motion for detention, Dkt. 4, Mr. Miles is charged with extraordinarily serious crimes, including a racketeering charge involving conspiracy to commit murder. The maximum sentence on one of the charges of the Indictment is life imprisonment or the death penalty. Dkt. 4 at 1; Dkt. 1 at 8-9. The charges of this Indictment carry a presumption of detention. Dkt. 4 at 1; 18 U.S.C. § 3142(e).

        The defendant did not produce evidence sufficient to overcome the presumption; and even if the Court assumed (for purposes of argument) that the statutory presumption had been overcome, the Court would still find that the government met its burden of proving by clear and convincing evidence that the defendant presents a significant risk of danger to the community based on the nature of the charges. Although the Court does not have a lot of information about the weight of evidence against Mr. Miles, there is a multi-count indictment pending in the Western District of Virginia for which the Grand Jury found probable cause to support the charges. In addition, the government submitted photographs and electronic messages depicting evidence of Mr. Miles being involved with gang members, and also communicating about criminal behavior, and this was considered by the Court as evidence of the crimes that are charged in the Indictment, Dkt. 1. Therefore, in addition to the nature of the charges, the weight of the evidence also supports detention in this case.

        The Court also finds that the defendant's criminal history, in particular, his failure to abide by conditions of supervision on a previous drug crime conviction, establishes by clear and convincing evidence that he poses a risk of danger to the community. The first supplemental pretrial services report, Dkt. 9, indicates that the defendant was convicted in 2016 of distribution of marijuana. Dkt. 9 at 5. Even if there might be conditions by which the defendant's whereabouts could potentially be monitored, the Court finds that there are no conditions of release that would effectively mitigate the potential for the defendant to break the law and pose a danger to the community. His criminal record, and failure to follow the terms of supervision for the 2016 drug conviction shows that he has not demonstrated law abiding behavior in the community. This prior criminal history shows that his threat to the community continues after he has been convicted, and his behavior cannot be successfully controlled when he is on court supervision. Even considering that he has friends and a brother who are located in Washington State and that there is a possible residence (his grandmother's) for pretrial release that the defendant has identified in Virginia, the Court finds that the threat to community safety and risk of flight are so severe that the defendant's proposed residential placement and conditions of supervision would not be sufficient to ensure that he would abide by the law in this state or in Virginia, or appear for trial in the Western District of Virginia.

        There is a statutory presumption that the defendant is a risk of flight. 18 U.S.C. § 3142(e). The defendant did not produce evidence sufficient to overcome the presumption. The Court also finds that the defendant poses a risk of flight, because the defendant arrived in Washington State recently – approximately seven months ago -- under circumstances that show he is a flight risk. As the pretrial services report shows, Mr. Miles has lived in two different residences since arriving in this jurisdiction. The Court may draw the reasonable inference that Mr. Miles likely fled from Virginia and arrived in Washington State with the purpose of evading arrest. The government has shown by a preponderance of the evidence that he is a flight risk.

**Presumptive Reasons/Unrebutted:**

(X)      **Crimes involving murder or terrorism with potential maximum sentence of life imprisonment or death. 18 U.S.C.§3142(e)(3)(B),(C)**

**Safety Reasons:**

(X)      **History of failure to comply with Court orders and terms of supervision.**
(X)      **Nature and circumstances of the current offenses charged in the Indictment**
(X)      **Weight of the evidence**

**Flight Risk/Appearance Reasons:**

(X)      **Defendant left the Western District of Virginia under circumstances that show, by a preponderance of the evidence, that he came to Washington State to evade arrest and is a risk of flight.**
(X)      **Failure to follow the conditions of supervision concerning drug conviction in 2016.**

*Order of Detention*

▸    **The defendant shall be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.**
▸    **The defendant shall be afforded reasonable opportunity for private consultation with counsel.**
▸    **The defendant shall on order of a court of the United States or on request of an attorney for the Government, be delivered to a United States Marshal for the purpose of an appearance in connection with a court proceeding.**

**June 20, 2018**

*Theresa L. Fricke*

Theresa L. Fricke
United States Magistrate Judge